IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PHENGPHANH KHENESISIANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:17-cv-01264 |
| | ) | |
| JP MORGAN CHASE BANK, N.A., | ) | JUDGE CAMPBELL |
| WILSON & ASSOCIATES, PLLC, and | ) | MAGISTRATE JUDGE |
| MAKONNED LEMA, | ) | FRENSLEY |
| | ) | |
| Defendants. | ) | |

## ORDER & MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion to Set Aside Order Dismissing Case and To Reconsider Motions to Dismiss. (Doc. No. 30). For the reasons provided below, the Court **DENIES** Plaintiff's Motion.

### I. FACTS

Plaintiff filed this action concerning real property located at 5524 Oak Chase Drive, Antioch, Tennessee, in Davidson County Chancery Court on August 15, 2017. (Doc. No. 1-1). Plaintiff asserted claims of wrongful foreclosure, breach of contract, and violations of the Fair Debt Collection Act and Tennessee Consumer Protection Act. (*Id.*). Defendant JP Morgan Chase Bank removed the action to this Court (Doc. No. 1), and filed a motion to dismiss on November 7, 2017. (Doc. No. 17). Two days later, Plaintiff filed a Joint Motion to Continue Initial Case Management Conference, citing Defendant Chase's pending motion to dismiss as the reason for seeking the continuance. (Doc. No. 19).

Defendant Wilson & Associates also filed a motion to dismiss on November 13, 2017. (Doc. No. 21). Plaintiff failed to respond timely to either Defendants' motion to dismiss, and on

December 22, 2017, the Court entered an Order dismissing with prejudice Plaintiff's claims against Defendants Chase and Wilson & Associates. Plaintiff thereafter filed this motion to set aside the Court's Order dismissing the case, citing Fed. R. Civ. P. 60(b)(1) and counsel's neglect and mistake in confusing multiple motions to dismiss. (Doc. No. 30, 30-1).

## II. LEGAL STANDARD

Rule 60(b)(1) provides that relief from a final judgment, order, or proceeding may be granted due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In determining whether to grant relief under Rule 60(b)(1), the Sixth Circuit has stated that it "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Walsh v. State Farm Fire and Casualty Company*, 2017 WL 3531458, at *3 (M.D. Tenn. Aug. 17, 2017) (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)).

Because "relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation," the party seeking relief must establish its grounds by clear and convincing evidence. *Info-Hold v. Sound Merch. Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir.2001)). Relief is not available when the excusable neglect is premised on attorney error. *U.S. v. One Men's Rolex Pearl Master Watch*, 357 Fed. Appx. 624, 627 (6th Cir. 2009) (citing *McCurry v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 594 (6th Cir. 2002)). Unfortunately for clients, they "must be held accountable for the acts and omissions of their attorneys." *B&D Partners v. Pastis*, 2006 WL 1307480, at *1 (6th Cir. May 9, 2006) (quoting *McCurry*, 298 F.3d at 595).

## III. ANALYSIS

Plaintiff claims that she made a purposeful decision not to respond to Defendant Wilson & Associates' motion to dismiss, and mistakenly failed to respond to Defendant Chase's motion to dismiss. (Doc. No. 30 at 2). Plaintiff's counsel filed an unsworn declaration explaining that he confused the two motions to dismiss "given their close proximity in timing and only took notice of the motion filed by Wilson & Associates, ignoring the motion filed by JP Morgan [Chase]." (Doc. No. 30-1).

In response, Defendant Chase points to the parties' Joint Motion to Continue Initial Case Management Conference (Doc. No. 19), which was filed *by Plaintiff* two days after Defendant Chase filed its motion to dismiss, and requested that the Court delay the initial case management conference until Chase's pending motion to dismiss was resolved. (Doc. No. 33 at 2). Defendant Chase argues that Plaintiff's failure to timely respond to a dispositive motion constitutes inexcusable negligence and is insufficient to set aside an order of dismissal under Rule 60(b)(1). (*Id.* at 3).

The Court finds that Plaintiff has not established the existence of mistake, inadvertence, surprise, or excusable neglect to justify her failure to respond to either of Defendants' motions to dismiss.[1] Under the local rules for the Middle District of Tennessee, a party must respond to a motion to dismiss within fourteen days after service of the motion. M.D. Tenn. L.R. 7.01. In this case, far more than fourteen days passed between the filing of Defendants' motions to dismiss and the Court's Order granting the motions. The record does not indicate that Plaintiff requested an extension of time to respond to the motions or somehow failed to receive notice that the motions

---

[1] Plaintiff's Motion to Set Aside appears only to contest the Court's Order granting Defendant Chase's motion to dismiss but not Defendant Williams & Associates' motion to dismiss. Regardless, the Court finds that Plaintiff's failure to respond to either motion constitutes inexcusable neglect.

3

were pending. To the contrary, Plaintiff acknowledged her receipt of Defendant Chase's motion in the parties' Joint Motion to Continue Initial Case Management Conference. (Doc. No. 19). The only justification Plaintiff provides for her failure to respond is that her attorney confused the various motions filed by Defendants, but that neither she nor her attorney intended not to respond timely to Defendant Chase's motion. This reasoning, however, is insufficient to set aside the dismissals. As the Sixth Circuit repeatedly has held, the failure to respond timely to a dispositive motion or to request an extension of time to file a response is inexcusable neglect. *See One Men's Rolex Pearl Master Watch*, 357 Fed. Appx. At 627; *B & D Partners*, 2006 WL 1307480, at *1; *Cacevic v. City of Hazel Park*, 226 F.3d 483 (6th Cir. 2000). While it is certainly unfortunate for Plaintiff that her attorney apparently confused the various motions to dismiss, Plaintiff "voluntarily chose [her] attorney in this matter, and [she] is bound by his acts and/or omissions." *Lyons v. Mazda American Credit Co. in Franklin, Tenn.*, 2005 WL 2335355, at *2 (E.D. Tenn. Sept. 23, 2005).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has not established that her failure to respond to Defendants' motions to dismiss was the result of mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1). Accordingly, Plaintiff's Motion to Set Aside Order Dismissing Case and To Reconsider Motions to Dismiss is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE