IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| PHENGPHANH KHENESISIANA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:17-cv-01264 |
| | ) | |
| JP MORGAN CHASE BANK, N.A., | ) | JUDGE CAMPBELL |
| WILSON & ASSOCIATES, PLLC, and | ) | MAGISTRATE JUDGE |
| MAKONNED LEMA, | ) | FRENSLEY |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant JP Morgan Chase Bank, N.A.'s ("Chase") Motion to Ascertain Status of Motion to Dismiss and For Entry of Final Judgment (Doc. No. 45), and Defendant Makonnen Lema's ("Lema") Motion to Remand the remaining claims to state court. (Doc. No. 47).

### I. FACTS

This case involves four parties asserting numerous claims, cross-claims, and counter-claims. Plaintiff originally filed the action concerning real property located at 5524 Oak Chase Drive, Antioch, Tennessee, in Davidson County Chancery Court on August 15, 2017. (Doc. No. 1-1). Plaintiff asserted claims of wrongful foreclosure, breach of contract, and violations of the Fair Debt Collection Practices Act and Tennessee Consumer Protection Act. (*Id.*). Defendant JP Morgan Chase Bank removed the action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 (Doc. No. 1), and filed a motion to dismiss on November 7, 2017. (Doc. No. 17).

On December 22, 2017, the Court entered an Order dismissing with prejudice Plaintiff's claims against Defendants Chase and Wilson & Associates, PLLC ("W&A"), and Lema's cross-claim against W&A. (Doc. No. 27). On January 3, 2018, Plaintiff filed a Motion to Set Aside the Order dismissing Plaintiff's claims against Chase. (Doc. No. 30). The Court denied Plaintiff's motion to set aside on April 2, 2018, also noting that Plaintiff's claims against W&A were dismissed. (Doc. No. 43).

On April 12, 2018, Lema dismissed his cross-claim against Chase, (Doc. No. 46), and filed a motion to remand the remainder of the case to the Chancery Court for Davidson County, Tennessee. (Doc. No. 47). Plaintiff did not file a response to the motion to remand.

## II. LAW AND ANALYSIS

### A. *Motion to Ascertain Status and For Entry of Final Judgment*

Upon review of the record, the only claims that remain in this action are: (1) Plaintiff's claims against Lema for "injunctive relief and vesting the real property"; and (2) Lema's counter-claim against Plaintiff for unlawful detainer. All claims against Chase and W&A have been dismissed. Accordingly, Chase and W&A are **DISMISSED** as defendants, with prejudice, and this Order shall constitute a final judgment under Fed. R. Civ. P. 58 with respect to Chase and W&A. Chase's motion to ascertain status and for entry of a final judgment is **DENIED** as moot.

### B. *Motion to Remand*

Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction over a claim when: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction;

or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

The claims against Chase and W&A over which the Court had federal question jurisdiction have been dismissed, and the only claims that remain in this action are: (1) Plaintiff's claims against Lema for "injunctive relief and vesting the real property"; and (2) Lema's counter-claim against Plaintiff for unlawful detainer. Thus, according to the statute, this Court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c).

Once a Court has exercised supplemental jurisdiction, it need not dismiss the state law claims solely because the federal claim failed. *Gamel v. City of Cincinnati*, 625 F.3d 949, 952-53 (6th Cir. 2010). Instead, the Court should consider and weigh several factors including "judicial economy, convenience, fairness, and comity." *Id.* at 591 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "As a rule of thumb ... [w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Here, the state and federal interests are best served by declining to exercise jurisdiction over the parties' remaining state law claims. This case is not so far advanced that litigation in state court would result in a duplication or waste of judicial resources. In fact, the Court has not expended any time considering the state law issues presented by Plaintiff and Counter-Plaintiff Lema. Further, because the remaining state law claims require interpretation of Tennessee law, such questions are more properly addressed by Tennessee courts. *See e.g., Eatherton v. New York Life Ins. Co.*, 2003 WL 21478979, at *2 (N.D. Ohio June 17, 2003). And finally, because Plaintiff originally filed this action in state court and has not filed any objection to Lema's motion to

remand, Plaintiff does not appear to contest the convenience or fairness of remanding this case to state court.

Accordingly, this court declines to exercise jurisdiction over the remaining state law claims and **GRANTS** Lema's motion to remand. This case is **REMANDED** to the Chancery Court for Davidson County, Tennessee for further proceedings.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE